## HOPPER v. BENNE.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. NEGLIGENCE—DRIVEWAY ON WHARF—INJURY TO FOOT PASSENGER—LIABILITY.

An employé at a pier, familiar with the use thereof, was injured while working on a driveway intended for teams alone, in consequence of his leg being caught between a wheel of a truck and a platform at the side of the driveway. The truck had been loaded, and was moved, for the purpose of being driven from the pier, when the accident occurred. There was nothing to show that the driver moved the truck too far or too rapidly or unnecessarily. *Held* that, as the driver had a right to assume that persons working on the driveway would be watchful, there was no evidence of actionable negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

An employé working in a driveway devoted exclusively to the moving of vehicles cannot heedlessly maintain his position regardless of the proper movements of a driver on the driveway, but must be on the lookout for vehicles.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 90, 91.]

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Alfred Hopper against William Benne. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before McLAUGHLIN, PATTERSON, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

J. Stewart Ross, for appellant.
Joseph Steiner, for respondent.

HOUGHTON, J. The accident for which it is claimed the defendant is responsible occurred at a pier at which plaintiff had been employed, and with the use and management of which he was entirely familiar. At the side of the driveway, intended for teams alone, was a platform about two feet in height upon which freight unloaded from vessels was placed, and to which trucks could back or drive alongside to be loaded. Plaintiff was standing at the edge of the driveway, examining a box of fruit, which for some reason had been placed there instead of on the platform. A truck in charge of defendant's driver had been loaded, apparently while standing alongside, and in wheeling around to drive away was backed up, and plaintiff's leg was caught between the wheel and the platform, inflicting the injuries for which this action is brought. There is no claim that it was not necessary or proper for the driver to back his team. The ground of negligence upon which the plaintiff has recovered is that the driver omitted to look behind him to see whether any one was on the driveway liable to be backed into, or to give warning that he was about to back his truck. The driveway was for the use of teams and trucks, and it was to be expected that they would move about. The driver had a right to assume that any foot passenger on the driveway, or any one working thereon, would be watchful of his movements. There is no charge that he moved too far

or too rapidly or unnecessarily. He had a right to move in an ordinary and proper way, and had the right to back his truck for the purpose of getting in position to drive from the pier. The record discloses no facts upon which any negligence on his part could be properly founded. In addition, it was incumbent upon the plaintiff to be on the lookout. He was working with his back to moving vehicles, and in a place devoted to them. No one could wantonly run him down, nor could he heedlessly maintain his position regardless of the proper movements of any one driving along. If he had paid any attention, he could have easily stepped aside and avoided the injury which he suffered.

The record discloses no ground upon which the defendant can be held liable, and the judgment must be reversed.

Judgment and order reversed, and a new trial granted, with one bill of costs to the appellant to abide the event. All concur, except PATTERSON, J., who dissents.